**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| JANET M. FORTUNATO, | : | |
| Plaintiff | : | Civil Action NO. |
| | : | |
| v. | : | COMPLAINT AND DEMAND |
| | : | FOR JURY TRIAL |
| PROGRESSIVE FINANCIAL SERVICES, | : | |
| INC. | : | (Unlawful Debt Collection Practices) |
| Defendant | : | |

## COMPLAINT

NOW COMES the Plaintiff, JANET M. FORTUNATO, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her complaint against the Defendant, PROGRESSIVE FINANCIAL SERVICES, INC.  Plaintiff states as follows:

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION & VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant conducts business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

PLAINTIFF'S COMPLAINT

## PARTIES

6.     JANET M. FORTUNATO, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Beverly, Massachusetts.

7.     PROGRESSIVE FINANCIAL SERVICES, INC. (hereinafter, "Defendant") is a business engaged in the collection of debts with a business address located at 1919 West Fairmont Drive, Building 8, Tempe, AZ 85282.

8.     At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## PRELIMINARY STATEMENT

10.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not

engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

14.     At all pertinent times hereto, Defendant attempted to collect a debt which arose out of transactions that were primarily for personal, family or household, purposes.

15.      Beginning on or around July 1, 2009 and continuing at least through September 2009, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff by contacting her on her home phone number, cell phone and at her place of employment.

16.      Defendant, by and through its employees identified as "Gabriel" and "Marco", each of which harassed the Plaintiff by calling her in an attempt to collect the alleged debt.

17.     Plaintiff received phone calls and voice messages from Defendant on a number of occasions from the following phone numbers; (866) 484-0211 and (866) 484-0204. The undersigned has confirmed that both numbers belong to defendant.

18.     Defendant, by and through its employees would contact Plaintiff on average two (2) to five (5) times a day, and some weeks Defendant would call Plaintiff up to ten (10) times.

19.     Defendant knew Plaintiff was not allowed to accept calls at her place of employment but continued to contact her anyway, in attempt to harass, embarrass and cause damage to Plaintiff.

20.     Defendant told Plaintiff that she could be sued and a lien could be placed on her home if she did not pay the alleged debt.

21.     Plaintiff never contracted with any company by the name of "Progressive Financial Services, Inc." or agreed to any obligation for a "Progressive Financial Services, Inc.".

22.     On at least one occasion in the past year, Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt.

- 4 -

23.    Defendant threatened to garnish Plaintiff's wages for not paying this alleged debt.

24.    On at least one occasion, Defendant's employees and agents discussed the alleged debt with various third parties, including but not limited to Plaintiff's coworkers.

25.    Plaintiff at all times has disputed owing this debt.

26.    Defendant has reported this alleged debt as unpaid to a credit bureau and it appears on Plaintiffs' credit report.

27.    On at least one occasion, Defendant's employees and agents used profane and willfully abusive language in connection with its attempts to collect a debt from the Plaintiff.

28.    Defendant continues to attempt to collect on the alleged debt.


## CONSTRUCTION OF APPLICABLE LAW

29.    The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
***(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. against Defendant)***

32.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a.  Assuming that the Defendant's threats were carried out, violated the FDCPA §1692b and §1692b(2), when it contacted third parties for purposes other than obtaining location information for Plaintiff;

b.  Assuming that the Defendant's threats were carried out, Defendant violated the FDCPA §1692c(b), when it disclosed the existence of a debt to third parties owed by Plaintiff;

c.  Defendant violated the FDCPA §1692c(a)(3), when it communicated with the Plaintiff at his place of employment and knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication;

d.  Defendant violated FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

e.  Defendant violated the FDCPA §1692d(1), when it used or threatened to use

- 6 -

violence or other criminal means to harm the physical person, reputation or property of the Plaintiff, in connection with the collection of an alleged debt;

f.   Defendant violated the FDCPA §1692d(2), when it used obscene or profane language in connection with collecting a debt;

g.   Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

h.   Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

i.    Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

j.   The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of the FDCPA §1692e(4);

k.    The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of the FDCPA §1692e(5);

l.   Defendant violated the FDCPA §1692e(8), when it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

m. Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

n.   Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

o.   Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

p.   Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

q.   Defendant violated the FDCPA §1692g and §1692g(a), when it failed

PLAINTIFF'S COMPLAINT

to send a written notice containing appropriate disclosures about the alleged debt, including the name of the creditor, the amount of debt, etc.; and

r.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## VI.  JURY DEMAND

33.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANET M. FORTUNATO, by and through her attorneys, respectfully pray for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00 for each violation;

c.  Plaintiff's attorneys' fees and costs; and

d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

Date:  July 6, 2010                    By:  : /s/ Craig Thor Kimmel
                                            Craig Thor Kimmel
                                            Attorney ID # 662924
                                            Kimmel & Silverman, P.C.
                                            30 E. Butler Pike
                                            Ambler, PA 19002
                                            Phone: (215) 540-8888
                                            Fax: (215) 540-8817
                                            Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT